Obie William WILDER, Plaintiff,

v.

Thomas T. IRVIN, Individually, and in his official capacity as Commissioner of Agriculture of Georgia, et al.

No. C75–1818A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 5, 1976.

H. Eugene Brown and J. E. B. Stewart, Jonesboro, Ga., for plaintiff.

George T. Brown, Jr., Jonesboro, Ga., for Norman E. Dalton.

W. Hensell Harris, Jr., Asst. Atty. Gen., State of Georgia, Atlanta, Ga., for rest of defendants.

## ORDER OF COURT

MOYE, District Judge.

This is a civil rights action under 42 U.S.C. § 1983 and § 1985 wherein the plaintiff, a Georgia farmer, alleges that the defendants conspired to deprive him of his property right in earning a living by evicting him from the Atlanta Farmers Market for exercising his First Amendment right of free speech without providing him with a pre-ejectment hearing. Plaintiff has also alleged a cause of action under Ga.Code Ann. § 105–801 (malicious prosecution) and Ga.Code Ann. § 105–901 (false imprisonment) arising out of his arrest for criminal trespass.

The case is presently before the Court on the state defendant's motion to sever filed June 7, 1976; defendant Dalton's motion to dismiss filed June 16, 1976; the state de-

fendant's motion to dismiss filed June 21, 1976; and pursuant to the Court's entry of June 11, 1976.

Plaintiff is a farmer who sells produce at the State-run Atlanta Farmers Market near Atlanta, Georgia. On August 22, 1975, plaintiff was served with an ejection notice demanding that he leave the Farmers Market within 24 hours. The alleged reason for plaintiff's ejection was his violation of the Farmers Market rules, specifically his selling and offering for sale produce which he had not grown, in an area of the Farmers Market restricted to farmers who grow all of their own produce. The facts giving rise to this allegation are set forth in this Court's order entered on October 7, 1975. Plaintiff did not receive a pre-ejectment hearing.

On August 23, 1975, plaintiff was arrested by defendant Church charging plaintiff with criminal trespass. Having made bond that same day, plaintiff returned to the Farmers Market to sell produce. On August 25, 1975, he was again arrested by defendant Church on a charge of criminal trespass and again made bond. At the time of his second arrest plaintiff alleges that his produce was destroyed by direction of defendant Hussey, an employee of the Georgia Department of Agriculture, and his truck towed away by defendant Dalton, owner of a local wrecker service.

By order entered September 22, 1975, the Court enjoined the defendants from ejecting plaintiff in the future from any Georgia State Farmers Market without a prior hearing. On October 7, 1975, the Court found that "the right of a Georgia farmer to do business, i. e., sell merchandise at the Atlanta Farmers Market, is such a 'right' or 'entitlement' as to afford the plaintiff the due process guarantees of the United States Constitution, prior to the termination of the 'right' or 'entitlement.' *Goldberg v. Kelly,* 397 U.S. 254, [90 S.Ct. 1011, 25 L.Ed.2d 287] (1970)." This Court went on to hold that:

"the State was required to give plaintiff a hearing to which he had (1) adequate and timely notice detailing reasons for the proposed termination, (2) an opportu-

nity to confront and cross-examine adverse witnesses, (3) the right to be represented by counsel to delineate issues, present factual contentions in an orderly manner, conduct cross-examination, and generally to safeguard his interest, (4) a decision, based on evidence adduced at the hearing in which reasons for decision and evidence relied on are set forth, and (5) an impartial decision maker."

The Court thereupon stayed plaintiff's ejection pending the holding of a hearing as described above.

Subsequently, procedures to afford hearings for all persons subject to ejectment proceedings have been instituted at the Atlanta Farmers Market and at all other farmers markets in the State of Georgia. Plaintiff has been offered such a hearing to inquire into the matters leading up to the August 22, 1975, ejectment procedure. Plaintiff has had full use of the Atlanta Farmers Market since September 22, 1975. Moreover, there are no criminal charges pending against plaintiff inasmuch as the criminal trespass charges against him have been dismissed.

Plaintiff seeks compensatory and punitive damages in the amount of $2,007,000 plus attorney's fees and costs.

The issues before the Court are as follows: First, whether the Court must exercise its pendent jurisdiction over the state claim. Second, whether the recent Supreme Court decision in *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), requires that this Court reverse its earlier ruling that a pre-ejectment hearing is mandated. Third, whether the defense of qualified immunity precludes the award of any damages to plaintiff and, if such defense is not valid, what amount of damages should be awarded.

*Pendent Jurisdiction*

The federal claim in the instant action involves the failure of the state defendants to afford plaintiff the opportunity for an evidentiary hearing prior to issuing the ejectment notice dated August 22, 1975, in accordance with the guarantees of due

process and *Goldberg v. Kelly, supra.* The state claim involves activities subsequent to the ejectment notice, that is, plaintiff's arrest on a charge of criminal trespass which gives rise to plaintiff's allegations of malicious prosecution and false imprisonment under Georgia law.

■ The leading case on pendent jurisdiction is *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), wherein the Court stated:

"Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .' . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole."

383 U.S. at 725, 86 S.Ct. at 1138.

Plaintiff's complaint satisfies the first criteria articulated in *Gibbs* for extending the power of a district court to the adjudication of a plaintiff's state law claim, *i. e.,* that the federal claim confer subject matter jurisdiction on the Court. It is with the second prerequisite for pendent jurisdiction—that the state and federal claims "derive from a common nucleus of operative fact"—that the Court has difficulty.

■ The federal claim arises out of defendant's failure to provide plaintiff with a pre-ejectment hearing. The state claim arises out of plaintiff's arrest for criminal trespass after refusing to leave the Farmers Market pursuant to the ejectment notice. Certainly both claims derive from the same

event, *i. e.,* plaintiff's alleged failure to adhere to the rules of the Farmers Market. However, plaintiff's state and federal claims present entirely different elements of proof and theories of recovery. Both Ga.Code Ann. § 105–801 (malicious prosecution) and § 105–901 (false imprisonment) set forth several specific elements of the respective torts, each of which must be established by the evidence. Such proof is absolutely unrelated to the purported federal claim, as would be the instructions to the jury on the two claims. Particularly, the evidence and instructions on the defense to both claims of official immunity would be confusing to the jury.

The Supreme Court in *Gibbs* stated that pendent jurisdiction

" . . . need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them . . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. . . . [I]f it appears that the state issues substantially predominate whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."

383 U.S. 726–27, 86 S.Ct. at 1139. See *Schultz v. Cally,* 528 F.2d 470, 476 (3rd Cir. 1975); *Rogers v. Valentine,* 426 F.2d 1361, 1363 (2nd Cir. 1970); *Vanderboom v. Sexton,* 422 F.2d 1233, 1241 (8th Cir. 1970); *Ritchie v. United Mine Workers of America,* 410 F.2d 827, 831 (6th Cir. 1969); *Knuth v. Erie-Crawford Dairy Cooperative Ass'n,* 395 F.2d 420, 427 (3rd Cir. 1968).

Although there is some overlap among the federal and state claims in the instant action, such overlap is not considerable. A trial on the state claim would inject new issues and a large amount of facts unrelated to the other portion of the case involving the federal claim. The state claim will certainly not be proven by the evidence that will be offered on behalf of the federal claim. The subject matter of the state and federal claims are not closely enough related and the Court finds that a "common nucleus of operative facts" does not exist. Accordingly, the Court declines to exercise its pendent jurisdiction over the asserted state claim and dismisses the state claim without prejudice. The defendants' motion to sever is, therefore, hereby ORDERED GRANTED. Furthermore, inasmuch as the claim against defendant Dalton is based upon the state claim,[1] defendant Dalton's motion to dismiss for lack of jurisdiction is hereby ORDERED GRANTED.

### Bishop v. Wood

Defendants argue that the Supreme Court's recent decision in *Bishop v. Wood* requires the Court to reconsider and amend its earlier ruling that plaintiff is entitled to a due process pre-ejectment hearing. *Bishop* involved the dismissal by the City Manager of Marion, North Carolina, of the petitioner's employment as a policeman without affording him a hearing to determine the sufficiency of the cause of his discharge. The petitioner contended that since a city ordinance classified him as a "permanent employee," he had a constitutional right to a pre-termination hearing. Petitioner alleged that such permanent employment constituted a protected property interest. The district court, interpreting North Carolina law, found that petitioner "held his position at the will and pleasure of the city," and that he was not a "permanent" employee. The Court of Appeals for the Fourth Circuit affirmed.

The Supreme Court held that a property interest in employment can be created by ordinance, or by an implied contract. However, the Court went on to find that in either case the sufficiency of the claim of entitlement must be decided by reference to state law. In the absence of any authoritative North Carolina state-court interpretation of the ordinance in question, the Court adopted the interpretation of the district court. Accordingly, inasmuch as petitioner's employment was not deemed permanent under state law he had no constitutionally protected property interest which would entitle him to a pre-termination hearing. *But see, Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (the Court concluded that because the employee could only be discharged for cause under the federal regulations, he had a property interest which was entitled to constitutional protection).

The defendants argue that *Bishop* stands for the proposition that an individual is entitled to the constitutional protections of due process only if under state law or by contract he is entitled to a pre-termination hearing. Inasmuch as Ga.Code Ann. § 5–213[2] does not provide for such a hearing plaintiff has no such right or entitlement.

Defendant misinterprets the Supreme Court's holding in *Bishop. Bishop* held that reference must be made to state law to determine if public employment gives rise to a property interest. If such a property interest does exist then an employee is entitled to a pre-termination hearing in accordance with the principles of due process. The fact that Ga.Code Ann. § 5–213 does not provide for such a hearing is not dispositive of the question.

---

1. The Court notes that under *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966), a cognizable claim under § 1983 can be asserted against a private individual. However, plaintiff has not asserted or supported by any pleadings the requisite conspiracy among defendant Dalton and the state defendants to deprive plaintiff of his constitutional rights.

2. Ga.Code Ann. § 5–213 provides:

   "The Commissioner, through his authorized agents, may, by the use of such means and without the necessity of formal court proceedings, eject any person and his property who is refusing to comply with the provisions of this law or the rule or regulations promulgated thereunder."

■ The Court has already held in an earlier ruling that a Georgia farmer has a property interest in his business, *i. e.,* selling merchandise at the Atlanta Farmers Market. State defendants have offered no authority to dissuade the Court from this position.

■ Moreover, the Court notes that *Bishop* appears to be confined to the area of state employees and, therefore, is not directly applicable to the instant action. The Court states:

> "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. . . . The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."

96 S.Ct. at 2080. In addition, the majority, denying Justice Brennan's charge in his dissent that *Bishop* represents a significant retreat from settled practice in the federal courts, responds as follows:

> "The fact of the matter, however, is that the instances in which the federal judiciary has required a state agency to reinstate a discharged employee for failure to provide a pre-termination hearing are extremely rare. The reason is clear. . . [t]he ultimate control of state personnel relationships is, and will remain, with the States; they may grant or withhold tenure at their unfettered discretion."

96 S.Ct. at 2080.

### Qualified Immunity

■ The state defendants have asserted that they are entitled to a qualified good-faith immunity from liability for damages under § 1983. However, no state defendant is immune from such liability if the state defendant "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff] or [that] he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the [plaintiff]." *Wood v. Strickland,* 420 U.S.

308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1974).

In the Order entered April 7, 1976, the Court found that the plaintiff's brief, affidavit and pleadings were thus far factually and legally insufficient in controverting the state defendants' contention that they are protected by qualified immunity. Thereupon, the Court granted plaintiff 10 days within which to further brief and support by affidavits or other pleadings the qualified immunity or alleged maliciousness or scienter of the state defendants in connection with plaintiff's Section 1983 claim against them.

The plaintiff has complied with the Court's order and has made the necessary factual and legal allegations to controvert the state defendants claim of qualified immunity. See Amendment No. 2 to Plaintiff's Original Complaint; Affidavits of Edgar Harris Ryner, A. T. Adamson, Nath Thomas, and Curtis Atkinson.

■ Whether the state defendants knew or reasonably should have known that the action they took within their sphere of official responsibility would violate the constitutional rights of the plaintiff, and whether they took such action with the malicious intention to cause a deprivation of constitutional rights or other injury to plaintiff, are questions which must be answered by the jury and will be presented to the jury by the Court in special interrogatories.

If the plaintiff does successfully pierce the veil of qualified immunity, then the jury must also determine the amount of damages to be awarded. The measure of damages shall be limited to the amount of profits lost during the period August 22, 1975 to September 22, 1975 and, in addition, the value of any other property or cash lost or destroyed as a direct result of plaintiff's ejectment from the Farmers Market.

Accordingly, the state defendants' motion to dismiss is hereby ORDERED DENIED; the state defendants' motion to sever is hereby ORDERED GRANTED; and defendant Dalton's motion to dismiss for lack of jurisdiction is hereby ORDERED GRANTED.