**CHELTENHAM SUPPLY CORPORATION**

v.

**CONSOLIDATED RAIL CORPORATION, et al.**

Civ. A. No. 81–1170.

United States District Court, E. D. Pennsylvania.

May 25, 1982.

---

Lawrence E. Feldman, Kramer & Salus, Philadelphia, Pa., for plaintiff.

Paul Minkoff, Klovsky, Kuby & Harris, Philadelphia, Pa., for defendant Artwalt Corp.

Dennis E. Fenerty, Atkinson, Myers, Archie & Wallace, Philadelphia, Pa., for defendant Consolidated Rail Corp.

## MEMORANDUM

GILES, District Judge.

Before me is a motion to dismiss for lack of jurisdiction filed by defendant Artwalt Corporation d/b/a Glenwood Warehouse ("Artwalt"). Plaintiff, Cheltenham Supply Corporation, instituted this suit against defendant Consolidated Rail Corporation ("Conrail") to recover damages for loss of eighty-three bales of film scrap. Plaintiff ordered the film scrap from the shipper, Hercules, Inc., and Conrail, as delivering carrier, was to deliver it to Glenwood Warehouse in Philadelphia, Pennsylvania.

Plaintiff asserts two alternative theories of recovery in its amended complaint, either: (1) that Conrail failed to deliver the carload of scrap material to Glenwood Warehouse, or (2) that defendants Artwalt and Glenwood Corporation d/b/a Glenwood Warehouse [1] received the goods and failed to notify plaintiff of receipt of the car from Conrail, improperly unloaded the car and disposed of the contents, or refused to accept the car from Conrail after tender of delivery.

Jurisdiction is properly asserted over defendant Conrail by virtue of the revised Interstate Commerce Act, 49 U.S.C. § 11707, which provides for liability of initial carriers and delivering carriers under receipts and bills of lading. The sole alleged basis of jurisdiction over Artwalt and Glenwood Corporation is pendent jurisdiction.[2]

Defendant Artwalt moved to dismiss the complaint as to it for lack of jurisdiction. It asserts that the doctrine of pendent jurisdiction cannot be exercised to join a party on the basis of a state-law claim over which there is no independent basis for federal jurisdiction. Plaintiff argues that once the jurisdiction of a federal court has been properly invoked, here by virtue of the federal claim against Conrail, the doctrine of pendent jurisdiction can be used to establish federal jurisdiction over parties who are joined pursuant to state law claims.

For the reasons set forth below, I agree with defendant Artwalt, and grant Artwalt's motion to dismiss.

This motion presents the issue of whether a plaintiff, in court under a valid federal cause of action against one defendant, may append onto that federal cause of action a

---

1. In its amended complaint, plaintiff named as defendants, Artwalt Corporation d/b/a Glenwood Warehouse and Glenwood Corporation d/b/a Glenwood Warehouse. It is not clear whether these are, in fact, the same entity. While the motion to dismiss was filed solely on behalf of Artwalt, the logic of the holding applies equally to Glenwood Corporation.

2. Plaintiff and defendants Artwalt and Glenwood Corporation are citizens of Pennsylvania, so that diversity jurisdiction is not present. Neither is there an independent basis of federal jurisdiction as to these defendants.

state claim against a second defendant as to whom there is no independent federal jurisdiction. In other words, I must decide whether the doctrine of pendent jurisdiction extends to a "pendent party."[3]

The starting point for this court's analysis of the doctrine of pendent jurisdiction is *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In *Gibbs*, the United States Supreme Court expanded the pendent jurisdiction of the federal courts by holding that federal courts had the power under Article III, Section 2 of the United States Constitution to hear a pendent state claim, as well as a federal claim, provided:

(1) The federal claim is substantial;

(2) The state and federal claims derive from a common nucleus of operative fact; and

(3) The claims are such that plaintiff would ordinarily be expected to try them in one proceeding, if considered without regard to their federal or state character.

*Id.* at 725, 86 S.Ct. at 1138.

Once a federal court determines that it has the power to hear a state claim, it must then decide, as a matter of discretion, whether the power should be exercised in a given case in light of considerations of judicial economy, convenience, and fairness to litigants. *Id.* at 726, 86 S.Ct. at 1139.

Guided by the expansive tone of *Gibbs*, many courts of appeals, including the Third Circuit, extended the doctrine of pendent jurisdiction to pendent party cases.[4]

Subsequent Supreme Court opinions, however, cast doubt on the continued vitality of these cases. In *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the United States Supreme Court directly considered the issue of pendent party jurisdiction, and declined to exercise such jurisdiction over a municipal corporation where jurisdiction over the federal party was based upon 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). While the *Aldinger* holding was narrowly confined to cases arising under section 1983, the court, *in dicta*, addressed the pendent party issue more broadly. It noted that pendent jurisdiction is quite different from pendent party jurisdiction, since the joinder of a new party over whom there is no independent basis of jurisdiction violates "the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." 427 U.S. at 15, 96 S.Ct. at 2420.

While declining to lay down a "sweeping pronouncement" on the "subtle and complex" issue of pendent party jurisdiction, the *Aldinger* court stated that:

If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III per-

3. As used throughout this opinion the term "pendent claim" refers to a case in which two parties are properly before the court by virtue of a substantial federal claim over which the court has jurisdiction and the same parties are permitted to litigate a state-law claim over which there is no independent basis of federal jurisdiction. On the other hand, the term "pendent party" refers to a case where a party, who has asserted a federal claim against one party over which there is jurisdiction, seeks to join an entirely different party on the basis of a state-law claim over which there is no independent basis of federal jurisdiction.

4. *See, e.g., Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Jacobson v. Atlan-*

*tic City Hosp.*, 392 F.2d 149 (3d Cir. 1968); *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971). *See also Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971); *Stone v. Stone*, 405 F.2d 94 (4th Cir. 1968), *cert. denied*, 409 U.S. 1000, 93 S.Ct. 315, 34 L.Ed.2d 261 (1972); *Connecticut General Life Ins. Co. v. Craton*, 405 F.2d 41 (5th Cir. 1968); *F. C. Stiles Contracting Co. v. Home Ins. Co.*, 431 F.2d 917 (6th Cir. 1970); *Hatridge v. Aetna Casualty & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969). *See generally* Comment, *The Impact of Aldinger v. Howard on Pendent Party Jurisdiction*, 125 U.Pa.L.Rev. 1357 (1977) and cases cited therein at n.22. *But see Hymer v. Chai*, 407 F.2d 136 (9th Cir. 1969) (rejecting pendent party jurisdiction).

mits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence. *Id.* at 18, 96 S.Ct. at 2422.

The *Aldinger* analysis of pendent party jurisdiction was reaffirmed in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372 n.12, 98 S.Ct. 2396, 2402 n.12, 57 L.Ed.2d 274 (1978), which held that a plaintiff cannot exercise pendent party jurisdiction over state law claims against non-diverse third party defendants when the federal claims are asserted under 28 U.S.C. § 1332, which mandates complete diversity of citizenship.

Thus, *Aldinger* and *Owen* teach that beyond the *Gibbs* requirements, "there must be an examination of the posture in which the non-federal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has . . . expressly or by implication negated' the exercise of jurisdiction over the particular non-federal claim." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. at 373, 98 S.Ct. at 2402 (quoting *Aldinger v. Howard*, 427 U.S. at 18, 96 S.Ct. at 2422) (brackets and ellipsis in original).[5]

Since *Aldinger* and *Owen*, this circuit has not directly reviewed the issue of pendent party jurisdiction. However, there are *dic-ta* in several Third Circuit opinions suggesting that a narrower view of pendent party jurisdiction will be adopted in this circuit in the wake of those cases. In *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre*, 647 F.2d 372 (3d Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982), a case where jurisdiction over the primary claim was asserted under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the court ruled that the pendent state law claims against certain defendants could be entertained "only if the complaint alleges some other non-frivolous independent basis for district court jurisdiction over them." *Id.* at 376 (citing, *inter alia*, *Aldinger* and *Owen*.) *See also Kerry Coal Co. v. UMW*, 637 F.2d 957 (3d Cir.), *cert. denied*, 454 U.S. 823, 102 S.Ct. 109, 70 L.Ed.2d 95 (1981) (dictum that "[t]he conclusion that section 303(b) [of LMRA] jurisdiction is insufficient, absent some other federal question jurisdiction to sustain a pendent state law claim against [pendent parties] may be sound"). *Id.* at 965.

Against this background, I must decide whether Congress, in enacting the underlying jurisdictional statute in this case, 49 U.S.C. § 11707, expressly or by implication negated the exercise of jurisdiction over

---

5. The congressional "negation" test proposed in *Aldinger* and *Owen* is difficult to apply since congressional negation could be found in a variety of congressional acts or omissions. It is not at all clear how attenuated the evidence of congressional intent can be and still support a conclusion of implied negation. For example, merely the fact that Congress has not directly conferred subject matter jurisdiction over the pendent party—a fact which is present in nearly all pendent party cases—could be deemed negation.

The theoretical distinctions drawn in *Aldinger* and *Owen* are also problematic. At bottom, *Aldinger* and *Owen* teach that pendent claim and pendent party jurisdiction differ in material respects and that the latter is to be exercised more sparingly. Yet, the bases cited as evidence of the distinctions between pendent claim and pendent party jurisdiction are blurred. First, *Aldinger* states that joinder of pendent parties violates the principle that federal courts are courts of limited jurisdiction. Under *Gibbs*, the scope of Article III power is defined in terms of subject matter and not parties. Thus, if the claim against the pendent party falls within the *Gibbs* definition of constitutional case, Article III power logically exists as to the pendent party. Second, the imposition of a requirement in pendent party cases that the court decide whether Congress has explicitly or implicitly negated the exercise of jurisdiction does not distinguish pendent claim from pendent party jurisdiction. In either case, Congress is free to establish the limits of jurisdiction. If Congress has expressly or impliedly negated the exercise of jurisdiction, whether in a pendent party or a pendent claim case, the district court, as a court of limited jurisdiction, must adhere to those limits. *See generally* Note, *The Concept of Law-Tied Pendent Jurisdiction: Gibbs and Aldinger Reconsidered*, 87 Yale L.J. 627 (1978) (suggesting the court's attempt to preserve *Gibbs* while confining pendent party jurisdiction in *Aldinger* was unsuccessful and proposing a law-tied jurisdictional test under Article III).

plaintiff's non-federal claim. This statute provides that a civil action may be brought in state or federal court against a delivering carrier, a rail carrier, or the carrier alleged to have caused the damage.[6] The statutory language of 49 U.S.C. § 11707 does not expressly prohibit the exercise of pendent party jurisdiction over Artwalt. Neither is there an indication in the legislative history of 49 U.S.C. § 11707, that Congress addressed itself, either expressly or by implication, to the issue of pendent party jurisdiction. Thus, any "negation" must be drawn from congressional silence as to whether actions could be brought against parties other than the parties enumerated in 49 U.S.C. § 11707.

■ Arguably, congressional silence alone is an insufficient basis for finding an "implied negation" since "all instances of asserted pendent-party jurisdiction will by definition involve a party as to whom Congress has impliedly 'addressed itself' by not expressly conferring subject-matter jurisdiction on the federal courts." *Aldinger v. Howard*, 427 U.S. at 23, 96 S.Ct. at 2424 (Brennan, J., dissenting). However, here I find that there is sufficient evidence of an implied intent to exclude claims against parties such as Artwalt.

First, the jurisdictional statute in question specifically and narrowly defines those parties as to whom actions under the statute may be brought. They are: a delivering carrier, a rail carrier, or the carrier alleged to have caused the loss or damage.[7] This specific and narrow definition of those parties as to whom an action may be brought is contained within the jurisdictional statute itself, thus distinguishing this from a case where the jurisdictional statute merely provides that certain types of claims may be brought in federal court. *See, e.g.*, 45 U.S.C. § 56 (providing concurrent state and federal jurisdiction in actions brought under the FELA). In cases such as this when Congress has carefully delineated those parties as to whom jurisdiction is proper within the text of the jurisdictional statute, an inference may be drawn that it intended to allow claims only against those parties specifically enumerated in the jurisdictional statute.

Second, there is dictum in *Aldinger* suggesting that a court may properly consider whether the statute grants exclusive federal jurisdiction in deciding whether pendent party jurisdiction is proper. *Aldinger v. Howard*, 427 U.S. at 18, 96 S.Ct. at 2422. Relying on this dictum, some courts have allowed pendent party jurisdiction in cases where the statute confers exclusive jurisdiction over the federal claim, reasoning that only in federal court may all of the claims be tried together. *See, e.g., Dick Meyers Towing Service, Inc. v. United States*, 577 F.2d 1023 (5th Cir. 1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979) (primary claim brought under Federal Tort Claims Act); *Dumansky v. United States*, 486 F.Supp. 1078 (D.N.J.1980) (Fed-

---

6. 49 U.S.C.A. § 11707(d) (West Supp.1982) provides:

(d)(1) A civil action under this section may be brought against a delivering carrier (other than a rail carrier) in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State, through which the defendant carrier operates a railroad or route.

(2)(A) A civil action under this section may only be brought—

(i) against the originating rail carrier, in the judicial district in which the point of origin is located;

(ii) against the delivering rail carrier, in the judicial district in which the principal place of business of the person bringing the action

is located if the delivering carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and

(iii) against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

(B) A civil action under this section may be brought in a United States district court or in a State court.

(C) In this section, "judicial district" means (i) in the case of a United States district court, a judicial district of the United States, and (ii) in the case of a State court, the applicable geographic area over which such court exercises jurisdiction.

7. *See* note 6, *infra*.

eral Torts Claims Act); *Obenshain v. Halliday,* 504 F.Supp. 946 (E.D.Va.1980) (Federal Tort Claims Act); *Pearce v. United States,* 450 F.Supp. 613 (D.Kan.1978) (Federal Tort Claims Act); *Morse Electro Products Corp. v. S.S. Great Peace,* 437 F.Supp. 474 (D.N.J. 1977), (primary claim under admiralty jurisdiction); *Transok Pipeline Co. v. Darks,* 565 F.2d 1150 (10th Cir. 1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978) (primary claim under 25 U.S.C. § 357 which allows condemnation of lands allotted to Indians). In this case, however, jurisdiction is concurrent, so that the fact of exclusive jurisdiction does not militate in favor of pendent party jurisdiction.[8]

Finally, there has long been state regulation of the rights and duties existing between warehousemen, consignors and consignees. *See, e.g.,* 13 Pa.Cons.Stat.Ann. 7101–7603 (Purdon Supp.1980) (UCC article 7). Had Congress intended the revised Interstate Commerce Act to provide jurisdiction for actions based on breaches of the duties traditionally recognized under state law, it surely would have specified a grant of such jurisdiction. *See Long Prairie Packing Co. v. Midwest Emery Freight System, Inc.,* 429 F.Supp. 201, 204 (D.Mass. 1977) (no pendent party jurisdiction under Carmack Amendment, 49 U.S.C. § 20(11), precursor to the revised Interstate Commerce Act).

■ Even if there were no implied negation, and even assuming Article III permits the exercise of pendent party jurisdiction,[9] it is not clear from the record that the *Gibbs* criteria are met in this case. It is questionable that the claims arise out of a common nucleus of facts. Plaintiff's theory of liability as to Conrail is predicated on the duties owed to plaintiff under a bill of lading, and requires proof that Conrail received the goods and failed to deliver them. However, plaintiff's cause of action as to Artwalt is based on a state law theory of negligence and requires proof that Conrail did deliver the goods, and that Artwalt, upon receipt of the goods, acted negligently. Thus, the operative facts relevant to each cause of action could well be different.

Moreover, *Gibbs* teaches that the doctrine of pendent jurisdiction is one of discretion and not one of right. Even if the *Gibbs* criteria were satisfied here, I find as a matter of discretion, that this is not an appropriate case in which to exercise pendent party jurisdiction.

Plaintiff in this case has pled alternatively that: (1) either Conrail failed to deliver the cargo to defendants Artwalt and Glenwood or (2) Artwalt and Glenwood were negligent in their method of receiving, unloading, or disposing of the cargo. Thus, plaintiff's theory as pled, is *either* that Conrail lost the goods in transit to defendants Artwalt and Glenwood, *or* that those defendants were negligent following receipt of the goods.

Under the particular facts of this case, plaintiff cannot simultaneously prevail on both theories of liability. If he prevails on his federal claims against Conrail by prov-

---

8. One court has held that when, as here, Congress grants concurrent state and federal court jurisdiction, it violates congressional intent to make the federal forum a less desirable alternative by denying plaintiff the right to try his entire action in a federal forum. *DeMaio v. Conrail,* 489 F.Supp. 315 (S.D.N.Y.1980). *See generally Ensuring Access to Federal Courts: A Revised Rationale for Pendent Jurisdiction.* 75 N.W.U.L.Rev. 245 (1980). However, under this view, jurisdiction could be exercised under *any* statute conferring non-exclusive jurisdiction, assuming the *Gibbs* criteria are satisfied, a result which blurs the distinction between pendent claim and pendent party jurisdiction articulated in *Aldinger.*

9. Neither *Aldinger* nor *Owen* expressly decide whether Article III power exists to join a pendent party, both cases having found an implicit negation. *Owen* suggests, in *dicta,* that the constitutional limits of federal judicial power under Article III are defined by the *Gibbs* criteria whether the case involves a pendent party or a pendent claim. *Owen,* 437 U.S. at 371–72, 98 S.Ct. at 2401. *But see Hymer v. Chai,* 407 F.2d 136 (9th Cir. 1969); *Ayala v. United States,* 550 F.2d 1196 (9th Cir.), *cert. granted,* 434 U.S. 814, 98 S.Ct. 50, 54 L.Ed.2d 70 (1977), *cert. dismissed,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978); *State of Idaho v. U. S. Dept. of Army,* 666 F.2d 444 (9th Cir. 1982), (No Article III power to exercise pendent party jurisdiction).

ing Conrail failed to deliver the goods, he cannot also prevail on his pendent party claims. On the other hand, if he prevails on his pendent party claims by proving that Artwalt and Glenwood Corporation acted negligently upon receipt of the goods, he will have no federal claim against Conrail for misdelivery or failure to deliver the goods. In the former case, plaintiff will not be prejudiced by non-joinder of Glenwood and Artwalt. In the latter case, plaintiff's federal claims will be insubstantial, justifying dismissal of the case under *Gibbs* for lack of jurisdiction.

■ Where, as here, plaintiff can prevail on his state claims against pendent parties *only* if the federal claims are insubstantial, the interests of judicial economy, convenience or fairness to the litigants articulated in *Gibbs* are not served by allowing plaintiff to assert its pendent party claims, and the exercise of pendent party jurisdiction will not be allowed.

Moreover, I note that a decision not to exercise pendent party jurisdiction over plaintiff's state-law pendent party claims against Artwalt will not preclude plaintiff from having its state and federal claims adjudicated in one forum, since jurisdiction over the federal claim exists in state court as well as federal court under 49 U.S.C. § 11707.[10]

In addition to these considerations, I feel constrained by the Third Circuit's post-*Aldinger* decisions to take a narrow view of the circumstances under which pendent party jurisdiction may appropriately be exercised. *See, e.g., Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre,* 647 F.2d 372, 376 (3d Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982); *Kerry Coal Company v. United Mineworkers,* 637 F.2d 957, 965 (3d Cir.) (dictum), *cert. denied,* 454 U.S. 823, 102 S.Ct. 109, 70 L.Ed.2d 95 (1981).

Accordingly, I grant defendant Artwalt's motion to dismiss and I decline to exercise

pendent party jurisdiction over defendants Artwalt and Glenwood Corporation.

---

10. Language in *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422, indicates that the availability of a state forum in which plaintiff's claims may be tried together is a factor to be considered in determining whether pendent party jurisdiction may be exercised. *See* text at pp. 10–11, 96 S.Ct. at p. 2418.