**ANGEL MUSIC, INC., on behalf of itself and all other publishers, persons or entities which own copyrighted music and which are represented by The Harry Fox Agency, Plaintiffs,**

v.

**ABC SPORTS, INC., on behalf of itself and all other producers, syndicators and distributors of television programs utilizing copyrighted music and The Harry Fox Agency, Inc., Defendants.**

No. 84 Civ. 7900 (RWS).

United States District Court, S.D. New York.

May 22, 1985.

---

Thomas A. Dickerson, New York City, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Andrew J. Peck, Sidney S. Rosdeitcher, New York City, of counsel); Silverman & Shulman, P.C., New York City (Alan L. Shulman, New York City, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Plaintiff Angel Music, Inc. ("Angel Music") and a purported plaintiff class of music publishers (collectively, "Angel Music") brought this action against defendants ABC Sports, Inc. ("ABC"), The Harry Fox Agency, Inc. ("Fox") and a purported defendant class of television producers asserting a cause of action for copyright infringement against ABC and a cause of action for breach of fiduciary duty against Fox. Fox now moves to dismiss the complaint with respect to Fox for lack of subject matter jurisdiction. The motion is granted with leave to renew the action as set forth below.

Angel Music's cause of action against ABC and the alleged defendant class (collectively "ABC") alleges that ABC synchronized nineteen seconds of a copyrighted song owned by Angel Music into its Olympics broadcast on February 18, 1984. Angel Music alleges that ABC did not obtain a synchronization license from Angel Music

for this song and contends that ABC has a general policy of not obtaining synchronization rights to copyrighted songs owned by Angel Music. Angel Music's cause of action against Fox alleges that Fox is the trustee and agent of Angel Music and other members of the purported plaintiff class of music publishers and that Fox has breached its fiduciary duty by allegedly failing to enforce their synchronization rights.

The basis of jurisdiction for the entire complaint is the copyright laws, 28 U.S.C. § 1338 and 17 U.S.C. §§ 101 *et seq.* In its motion, Fox contends that the claim of breach of fiduciary duty is a state law claim that should be dismissed for lack of subject matter jurisdiction because there is no diversity of citizenship between the parties. In response, Angel Music argues first that this court should assert "pendent party" jurisdiction over Fox, and further argues that in any event the Fox claim is cognizable under 28 U.S.C. § 1338(b) as unfair competition and contributory infringement of the copyrights of Angel Music.

The concept of "pendent jurisdiction" has its origin in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), in which the Supreme Court held that where there is federal jurisdiction over parties with both federal and non-federal claims, a federal court has the constitutional power under Article III, Section 2 to adjudicate the non-federal portion of the dispute. The Court noted, however, that the federal and non-federal claims must derive from a "common nucleus of operative fact" so that the plaintiff would ordinarily be expected to try the case in one forum. 383 U.S. at 725, 86 S.Ct. at 1138. The Court also held that the exercise of pendent jurisdiction is discretionary and should depend upon considerations of judicial economy, convenience, and fairness to the litigants. *Id.*

Because all the parties were already before the Court, *Gibbs* involved only the question of pendent claim jurisdiction, not pendent party jurisdiction. As the Su-

preme Court has noted, there is "a significant legal difference" between allowing two parties already before a court to litigate a related state claim, and allowing a plaintiff to join an additional defendant over whom there is no independent basis of jurisdiction merely because the state law claim against the defendant derives from the same facts as the underlying federal claim. *Aldinger v. Howard*, 427 U.S. 1, 14–16, 96 S.Ct. 2413, 2420–2421, 49 L.Ed.2d 276 (1976). While Congress has not made statutory determinations as to the scope of the word "cases" in Article III, it had directly addressed the issue of who qualifies as a "person" subject to federal jurisdiction, *id.* at 15–16, 96 S.Ct. at 2421, and the Court has therefore noted that resolution of a claim of pendent party jurisdiction "calls for careful attention to the relevant statutory language." *Id.* at 17, 96 S.Ct. at 2421.

The Supreme Court has thus far declined to directly confront the "subtle and complex" question of the existence or scope of pendent party jurisdiction on a broad level. *Aldinger v. Howard, supra,* 427 U.S. at 18, 96 S.Ct. at 2422. In the three cases in which the Supreme Court has addressed the issue of pendent party jurisdiction, the Court has relied on this emphasis on careful statutory construction to deny such jurisdiction on the specific grounds that to grant jurisdiction would circumvent the Congressional intent behind the particular statute in question. *See Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (grant of pendent party jurisdiction in diversity class action inconsistent with amount in controversy requirement of 28 U.S.C. § 1332); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (allowing pendent party jurisdiction over non-diverse third party defendant where diversity was sole basis of jurisdiction would circumvent complete diversity requirement of 28 U.S.C. § 1332(a)(1)); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) (pendent party jurisdiction over county immune to suit under § 1983 and as to which there was no

independent basis of jurisdiction inappropriate in civil rights action under 42 U.S.C. § 1983).

■■■ Despite the Court's refusal "to lay down any sweeping pronouncement upon the existence of exercise of [pendent party] jurisdiction," *Aldinger v. Howard, supra,* 427 U.S. at 18, 96 S.Ct. at 2422, these decisions provide certain guidelines for determining when the exercise of pendent party jurisdiction is appropriate. *See DeBellas v. United States,* 542 F.Supp. 999, 1004 (S.D.N.Y.1982). The Court's opinions suggest that even though constitutional power to exercise pendent party jurisdiction may exist under Article III, Section 2 where the claims constitute one case or controversy, *see Owen Equipment & Erection Co. v. Kroger, supra,* 437 U.S. at 373, 98 S.Ct. at 2402, a court must also determine that there is no statutory obstacle to jurisdiction and that "Congress ... has not expressly or by implication negated its existence," *Aldinger v. Howard, supra,* 427 U.S. at 18, 96 S.Ct. at 2422, before exercising pendent party jurisdiction. *See DeBellas v. United States, supra,* 542 F.Supp. at 1004. The Court has also suggested that while the exercise of pendent party jurisdiction, like pendent claim jurisdiction, is within the discretion of the court and must depend in part upon considerations of judicial economy, convenience and fairness to litigants, a plaintiff faces a much greater burden when seeking to join a new party not otherwise subject to federal jurisdiction than when seeking to litigate a state law claim when the parties are already before the court. *Aldinger v. Howard, supra,* 427 U.S. at 18, 96 S.Ct. at 2422. Factors that should be taken into account when considering judicial economy and convenience include the exclusivity of federal jurisdiction and the ability to obtain full relief in one court. *Id.* at 18, 96 S.Ct. at 2422.

Applying the above guidelines to the case at hand, it is evident that the issue of negative statutory intent does not affect the determination as to whether jurisdiction should be asserted over Fox. An ex-

amination of the applicable federal copyright statute, 28 U.S.C. § 1338(b), does not indicate that there was any statutory intent to exclude such defendants as Fox from the jurisdiction of this court. 17 U.S.C. § 501 specifically permits the joinder of any person having an interest in a copyright and defines an infringer of a copyright as "anyone" who violates the rights of a copyright holder. *See also RCA Records v. All-Fast Systems, Inc.,* 594 F.Supp. 335, 339 (S.D.N.Y.1984) (defendant machine operator may be liable as contributory infringer); *Astor-Honor, Inc. v. Grosset & Dunlap, Inc.,* 441 F.2d 627 (2d Cir.1971) (pendent party jurisdiction exercised over party against whom related state claims were asserted in copyright case). There is nothing to suggest, as there was in the cases in which federal jurisdiction was grounded in diversity and in the civil rights statutes, that the copyright statutes were intended to apply to only certain defendants. As long as the claims against Fox and the claims against ABC derive from "a common nucleus of operative fact," therefore, this court has the constitutional power to assert jurisdiction over Fox.

Fox contends that the operative facts as to each claim are not sufficiently related so as to constitute one constitutional case. It asserts that while the federal copyright claim against ABC turns on the practices followed by producers and television programs in using copyrighted music and a determination of whether such use constitutes an infringement of Angel Music's copyright, the claim of breach of fiduciary duty concerns only the unrelated issues of the relationship between Angel Music and Fox, the scope and nature of the obligation created by that relationship, and the degree to which these obligations were breached. It argues that because liability under each claim is based on a different legal theory, proof of the factual elements of the two claims will differ significantly.

■■■ Although it is not necessary for the exercise of pendent jurisdiction that there be complete identity of facts and issues

with respect to the federal and state claims, *Maternally Yours v. Your Maternally Shop*, 234 F.2d 538, 543 (2d Cir.1956), courts have frequently declined to assume jurisdiction where the claims are based on different factual and legal elements. *See, e.g., Scarves by Vera, Inc. v. United Merchants & Mfrs., Inc.*, 173 F.Supp. 625 (S.D. N.Y.1959); *Wilder v. Irvin*, 423 F.Supp. 639, 642–43 (N.D.Ga.1976) ("[p]laintiff's state and federal claims present entirely different elements of proof and theories of recovery.") Even where the claims are clearly related and derive from the same event courts have held that the claims are not sufficiently one constitutional case if they are related sequentially or if the claims are based on different legal theories. *See, e.g., Cheltenham Supply Corp. v. Consolidated Rail Corp.*, 541 F.Supp. 1103, 1109 (E.D.Pa.1982).

■ In the present case, there appears from the complaint to be only a minimal overlap of the factual circumstances behind each claim. Although both claims develop out of the same alleged injury, namely, the use of Angel Music's material by ABC and other producers without appropriate authorization or compensation, the claims are based on entirely different legal theories. Angel Music's success against either defendant would not necessarily assure its success against the other defendant. The mere fact that separate trials might require some overlap of proof is not sufficient to force a defendant against whom a straightforward state claim of breach of fiduciary duty is asserted to participate in the trial of a potentially complex and lengthy federal copyright claim against a separate group of defendants. *See, e.g., Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 560 (E.D.N.Y.1976) (no jurisdiction where federal claim requires proof of a substantially broader spectrum of conduct.) Although federal court is the only forum in which both claims might be tried together, because of the exclusivity of federal jurisdiction over copyright claims, such considerations of judicial economy and convenience do not outweigh the unfairness to

Fox that would result from a joint trial of essentially unrelated claims.

The only factor which might support the conclusion that both claims arise from a common nucleus of fact is the potential relationship between the Fox claim and ABC's defense to the copyright claim. In its answer ABC included as its Fifth Affirmative Defense the claim that:

[t]he purported plaintiff class, and their respective agents and representatives were aware that ABC Sports had a practice of using copyrighted music ... Despite this awareness ... respective agents and representatives were silent and declined to take action against ABC Sports. In addition, by affirmative representation, agreements, and acts ... respective agents and representatives consented to the use of copyrighted music ... Such silence, inaction and affirmative consent was relied upon by ABC Sports to its detriment.

Angel Music contends that the reference to "agents and representatives" was meant to include Fox. If the nature of the relationship between Fox and Angel Music and the degree to which Fox breached any duty to Angel Music by granting rights to ABC or by failing to protect Angel Music's rights becomes an asserted defense in the claim against ABC, the two claims could be factually and legally intertwined to a significantly greater degree. From the papers submitted thus far, however, it appears likely that ABC was referring to Broadcast Music, Inc. ("BMI"), an organization which secured blanket performing rights licenses for the plaintiffs. In any event, the degree to which any defense involving Fox may be a factor in the claim against ABC is at present only speculative. If Angel Music is able to demonstrate the existence of such a defense following the completion of discovery, this court would entertain a motion to add Fox as a defendant upon such a showing.

■ Based on the papers submitted thus far, Angel Music has failed to establish that the claims against Fox and ABC are so intimately related as to constitute one case that would ordinarily be expected to pro-

ceed in one forum. Because the claims do not arise from a common nucleus of operative fact, this court lacks the constitutional power to exercise pendent party jurisdiction over Fox, *see United Mine Workers v. Gibbs, supra.* As to Angel Music's contention that the Fox claim may ultimately prove to be cognizable under 28 U.S.C. § 1338(b), Angel Music has not amended its complaint to assert a claim against Fox under the copyright laws. Furthermore, Angel Music concedes that such a claim would be dependent on the alleged anticipated defense by ABC Sports and thus must also await the development of facts sufficient to support its contentions. Accordingly, the motion to dismiss the claim against Fox is granted with the understanding that Angel Music may move to renew its claim against Fox upon the completion of discovery if it appears that there are adequate grounds.

For the reasons discussed above, Fox's motion to dismiss is granted. Discovery will be completed by August 21, 1985 and joint pretrial orders submitted by August 28, 1985.

IT IS SO ORDERED.