**Ella HIPP, Betty Davis, Weston Hipp and William Davis, Plaintiffs,**

**v.**

**UNITED STATES of America and Frank P. Geraci, Defendants.**

**No. 69–C–996.**

United States District Court,
E. D. New York.

July 6, 1970.

Gelbwaks, Pollack & Dubow, New York City, for plaintiffs; by Louis Dubow and I. Miles Pollack, New York City, of counsel.

Schreiber & Huber, Brooklyn, N. Y., for defendant Geraci; by Richard S. Bernstein, Brooklyn, N. Y., of counsel.

Edward R. Neaher, U. S. Atty., Brooklyn, N. Y., for the United States; by Cyril Hyman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

The United States has moved for an order granting it leave under F.R.Civ.P. 6(b) to serve and file cross claims against its co-defendant Frank P. Geraci, after the expiration of the time allowed under F.R.Civ.P. 12(a) and 13(g).

The action was instituted against the United States and Frank P. Geraci, basing jurisdiction on the Federal Tort Claims Act. 28 U.S.C. § 1346(b). The complaint seeks damages against the United States resulting from a collision between a Navy ambulance and an automobile operated by the defendant Geraci.

Plaintiffs Ella Hipp and Betty Davis were passengers in the ambulance. Plaintiffs Weston Hipp and William Davis are their husbands, who claim medical expenses and loss of services.

The proposed cross-complaint alleges that Geraci was the sole actively negligent party, and that any negligence of the United States was only passive, and asks for indemnity and/or contribution against the co-defendant. The cross-complaint also sets forth claims against Geraci for damages to the Navy vehicle and for medical services furnished to the passengers.

In an earlier action pending in this court (69–C–211), the United States is being sued by Liberty Mutual Insurance Company as subrogee of State Auto Leasing Corp., the owner of the vehicle operated by Geraci. In that action, the amended answer of the United States sets forth a counterclaim against State Auto Leasing Corp. containing the same claim which it seeks to present in the Hipp action against Geraci.

The motion to file the cross-claims is opposed on two grounds: (1) that this court has no jurisdiction over defendant Geraci because he is a citizen of the same state as the plaintiffs, and (2) that under New York law, a defendant cannot implead a joint tort-feasor, because there is no right to contribution until after a joint judgment.

The jurisdiction of this court over Geraci will be discussed first.

### The Status of a Private Co-defendant in a Suit against the United States

There are several square holdings that there must be a separate ground of federal jurisdiction in order for the court to deal with a claim against a private party named as co-defendant in a suit against the United States under the Federal Tort Claims Act. See Carvelli v. United States, 174 F.Supp. 377 (E.D. N.Y.1959), and cases cited therein. In 1 Jayson, Handling Federal Tort Claims (1969) § 177, it is stated:

"Although other defendants may be joined with the United States when

the claimant sues under the Tort Claims Act, there must be a separate and independent basis of federal jurisdiction to support the claim against the private defendants."

The doctrine of those cases, that a separate basis of federal jurisdiction is necessary, has not been reviewed in the light of the Supreme Court's decisions in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). None of the cases which have been called to the court's attention discuss the *Gibbs* or *Rosado* decisions.

Under the earlier rule established in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), a federal court with federal jurisdiction of one cause of action could keep jurisdiction of a state-law cause of action only if it stated separate grounds for the same relief, not if it stated a separate cause of action. The court in *Hurn* stated (289 U.S. at 246, 53 S.Ct. at 589):

"The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground*; in the latter it may not do so upon the nonfederal *cause of action*." (Emphasis from original)

The *Hurn* rule was expressly changed in United Mine Workers v. Gibbs, *supra*, where the Supreme Court stated (383 U.S. at 725, 86 S.Ct. at 1138):

"This limited approach is unnecessarily grudging. Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'. * * * The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." (Emphasis from original)

In *Rosado*, the court stated (397 U.S. at 405, 90 S.Ct. at 1214):

"We are not willing to defeat the common sense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation—by a conceptual approach * * *."

The concurring opinion of Mr. Justice Douglas quoted the same language set forth above from the *Gibbs* case. 90 S. Ct. at 1223.

This case differs from *Gibbs* and *Rosado* in that they involved two causes of action against one person rather than one cause of action against two persons. Nevertheless, the language of *Gibbs* and the reasoning of *Rosado* seem fully applicable here.

Moreover, the court in *Gibbs* treated joinder of parties as similar to joinder of causes of action. It cited the adoption of the Federal Rules of Civil Procedure as one of the reasons for departing from the *Hurn* test and stated (383 U.S. at 724, 86 S.Ct. at 1138):

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, *parties* and remedies is strongly encouraged." (Emphasis added.)

The case of a joint tort-feasor made a defendant in a case under the Federal Tort Claims Act is peculiarly appropriate for application of the principle of "the conservation of judicial energy and the avoidance of multiplicity of litigation" because the "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." If the cases were tried separately, each defendant would seek to cast the blame on the other and it would be possible for the plaintiff to recover nothing. In separate actions, if judgment in the federal court were granted against the United States alone, it might have to pay the entire damages instead of half, because of the New York rule that there is no contribution between joint tort-feasors unless there is a single judgment against both and one party has paid more than his share of the judgment. Since the United States cannot be sued in a state court, it could never enjoy the right of contribution except by having the private co-defendant sued in the federal court.

■ It therefore appears that this court has jurisdiction over plaintiffs' action against defendant Geraci and that the United States may file cross-claims against its co-defendant.

Apart from the jurisdictional question, there is no reason not to enlarge the time of the United States to interpose its cross-claims.

### The Right of the United States to Implead a Joint Tort-Feasor

Because the decision on jurisdiction of the co-defendant may represent new law, it is desirable also to consider the co-defendant's second objection, that no right to implead exists under the New York rule limiting the right of contribution.

This court has applied New York law to bar efforts by the United States to obtain indemnity or contribution from a joint tort-feasor. Kantlehner v. United States, 279 F.Supp. 122, 124–128 (1967). Professor Moore supports the opposite view, that the right to implead when the United States is sued under the Federal Tort Claims Act presents a federal question. 3 Moore's Federal Practice (2d ed. 1968) ¶ 14.29, pp. 763–770. The recent tendency is to recognize the supremacy of federal procedural rules even over state statutes. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The New York rule has been criticized in a recent scholarly work as leaving the defendant "at the mercy of the plaintiff's whim, collusion or malice." 2A Weinstein, Korn & Miller, New York Civil Practice (Rev.ed.1969) ¶ 1401.02.

■ It is not necessary here to reconsider the right to implead in a suit under the Federal Tort Claims Act generally, for there are special reasons both under New York law and under the federal rules for allowing impleader in this case.

■■ New York recognizes a right of indemnity by one who is charged with passive negligence against another who is charged with active negligence. See Bush Terminal Buildings Co. v. Luckenbach Steamship Co., 9 N.Y.2d 426, 430, 214 N.Y.S.2d 428, 174 N.E.2d 516 (1961); Note 28 Fordham L.Rev. 782 (1960). Where the liability of an automobile owner is based on vicarious responsibility for the driver's negligence under former Section 59 of the Vehicle and Traffic Law, the owner is entitled to recover against the actively negligent employee driver. Traub v. Dinzler, 309 N.Y. 395, 131 N.E.2d 564 (1955).

Here the liability of the United States is based on its being the owner of the vehicle and the employer of the driver, in other words, on passive negligence. The decision in Wasserman v. Perugini, 173 F.2d 305 (2d Cir.1949), involving dismissal of a complaint as against the owner of a taxicab which collided with a mail truck, was rendered before the Traub case in the New York Court of Appeals, and hence did not consider the vicarious nature of the government's liability. More recently, the Second Circuit Court of Appeals has permitted im-

pleader without a separate ground of federal jurisdiction where "the defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim." Dery v. Wyer, 265 F.2d 804, 807 (1959).

Moreover, the cases denying the right to implead a joint tort-feasor are based in part at least on the theory that "a plaintiff in a negligence action is free to choose his defendants." Putvin v. Buffalo Electric Co., Inc., 5 N.Y.2d 447, 453, 186 N.Y.S.2d 15, 19, 158 N.E.2d 691, 694 (1959). This principle would not bar impleader of Geraci here, for plaintiffs have sought to sue him as well as the United States.

■ There is another basis which also supports the government's right to implead Geraci. It has a statutory right to recover from Geraci for the value of any medical care of the ambulance passengers occasioned by his negligence. 42 U.S.C. § 2651. That claim belongs in the federal courts. 28 U.S.C. § 1345. Once Geraci is in the suit to answer a claim of the United States, the plaintiffs may assert any related claim against him. F.R.Civ.P. 14(a). The fact that the claim for medical services has been pressed against the owner of the private car in the Liberty Mutual case (69–C–211), does not prevent asserting it also against the driver in the Hipp case (69–C–996).

■ It does not follow from what has been said that the United States has an absolute right of indemnity as distinguished from contribution. The United States has a right of indemnity against the driver of its vehicle, which it normally refrains from pursuing as a matter of fiscal policy or employee morale. Cf. Carvelli v. United States, *supra* (where United States Attorney appeared on behalf of driver of government vehicle). The government's decision not to claim indemnity from the driver should not increase the share of the other vehicle in the overall liability.

■ If no negligence is proved on the part of the United States or its employees, there will be no liability and no need for indemnity. If both vehicles were negligent, the damages should be paid half by the United States (on behalf of itself and its driver), and half by defendant Geraci (on behalf of himself and the automobile owner, both of whom are covered by the same insurance company).

It is ordered (1) that the United States of America be granted leave to file and serve its proposed cross-complaint within twenty days after date of this Memorandum and Order, (2) that this case be consolidated with Docket No. 69–C–211, Liberty Mutual Insurance Company, etc., et al., plaintiffs, against United States of America, defendant, and (3) that the consolidated case be set down for trial on October 13, 1970.