James J. and Victoria DeBELLAS, Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. 81 Civ. 6991 (VLB).

United States District Court, S. D. New York.

July 17, 1982.

Arenstein & Huston, P. C. by Martin Seinfeld, New York City, for plaintiffs.

Alexander, Ash, Schwartz & Cohen, New York City, for defendant Kesten Plumbing & Heating Corp.

Langan & Levy by H. Michael O'Brien, New York City, for defendant PJR Const. Corp.

John S. Martin, Jr., U. S. Atty., S. D. N. Y. by Carolyn L. Simpson, Asst. U. S. Atty., New York City, for defendant the U. S.

VINCENT L. BRODERICK, District Judge.

## I.

Plaintiffs James J. DeBellas and Victoria DeBellas brought this personal injury action for alleged negligence on the part of defendants in the construction, repair and renovation taking place at the premises of 201 Varick Street, New York, New York, on March 4, 1980. Defendants are United States of America ("United States"), which, through its General Services Administration, was the owner of the aforesaid premises; PJR Construction Corporation ("PJR"), general contractor employed by the United States at the premises; and Kesten Plumbing & Heating Corporation ("Kesten"), subcontractor engaged in work at the premises (PJR and Kesten are collectively referred to as "the corporate defendants").

Plaintiffs have brought suit under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.*, and have predicated jurisdiction on 28 U.S.C. § 1346(b). All defendants have answered the complaint. Each of the defendants has filed cross-claims against the remaining codefendants.

## II.

Defendant Kesten moved for an order dismissing the complaint against it for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Plaintiff cross-moved for an order striking the affirmative defenses of defendants Kesten and PJR based on lack of diversity jurisdiction. Fed.R.Civ.P. 12(f).

On July 13, 1982 I denied defendant Kesten's motion to dismiss, and granted plaintiff's cross-motion to strike the affirmative defenses. This memorandum sets out the reasons for those dispositions.

## III.

Plaintiffs' claim against defendants Kesten and PJR sounds in common law negligence. Acknowledging that plaintiff and the corporate defendants are residents of New York for jurisdictional purposes, plaintiffs ask this court to exercise jurisdiction over these defendants under the doctrine of pendent jurisdiction.[1] Plaintiffs argue that there is no constitutional or statutory barrier to the assertion of jurisdiction and that the interests of judicial economy, convenience and fairness to the litigants support the result they seek. Defendant Kesten maintains that this court lacks subject matter jurisdiction over the claim against it for the following reasons: 1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 is admittedly lacking; 2) while the doctrine of pendent jurisdiction allows assertion of related state claims, it is inapplicable to parties as to whom there exists no independent basis for jurisdiction.

## IV.

### A.

While federal courts possess only limited jurisdiction, they have frequently adjudicated claims that extend beyond a given statutory grant of jurisdiction as ancillary to their resolution of the controversy within the specific grant. *E.g. United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus pendent jurisdiction has been accepted with regard to state claims factually related to the federal claim forming the predicate for jurisdiction. *United Mine Workers v. Gibbs, supra.*

The doctrine of pendent jurisdiction is not, however, without its limits. Especially unsettled is the status of the law with regard to pendent party jurisdiction to allow the plaintiff to assert state law claims against additional defendants over whom no independent predicate for jurisdiction exists.

As the Supreme Court has warned, before concluding that such pendent jurisdiction exists, the court must satisfy itself that Article III, Section 2 permits the exercise of jurisdiction and that Congress has not, by statute, negated its existence. *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976).

### B.

*Supreme Court Cases*

With these general principles serving as background, an analysis of the recent significant Supreme Court cases in this area is helpful.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) is the seminal case regarding pendent jurisdiction with respect to related state claims over which no independent predicate for jurisdiction exists. In *Gibbs*, the plaintiff brought an action in federal court against the union asserting a federal statutory claim and a state common law claim arising out of alleged concerted union activity intended to deprive him of his rights. Although the federal claim was ultimately dismissed, the Supreme Court recognized the power of the federal court to adopt a flexible treatment within the contours of

---

1. In their complaint, plaintiffs' sole allegation of jurisdiction is founded on 28 U.S.C. § 1346. The failure to allege reliance on the doctrine of pendent jurisdiction does not bar consideration of the issue since the court already has jurisdiction over the case. *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 809 n.10 (2d Cir. 1971); *Maltais v. United States*, 439 F.Supp. 540, 543 (N.D.N.Y.1977).

Article III, Section 2 of the constitutional grant of jurisdiction and to adjudicate appended state claims. The Court held that the district court had jurisdiction, in the sense of "power" to adjudicate the claim, when the relationship between the federal claim and the state claim is such that the entire action can be said to comprise "one constitutional 'case'." *Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138. The Court noted that the claims must derive from a "common nucleus of operative fact" so that the plaintiff would ordinarily be expected to try the entire case in one forum. *Ibid.* Finally, the court held that the doctrine of pendent jurisdiction is "a doctrine of discretion, not of plaintiff's right" and focus must be on the considerations of "judicial economy, convenience and fairness to litigants" in determining whether it should be applied. *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139.[2]

*Gibbs,* then, stands for the proposition that as a matter of interpreting the constitutional grant of judicial power in Article III, when there is federal jurisdiction over parties who have federal and non-federal claims in dispute, the federal court has the power to adjudicate the non-federal portions of the parties' dispute. *Gibbs* did not involve an area in which Congress had spoken to the issue and hence no question of statutory construction was present. Nor did *Gibbs* involve the question of pendent party jurisdiction since all the parties were already before the court.

Three more recent Supreme Court cases have involved but not resolved the question of pendent party jurisdiction.

In *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), a diversity class action, the Court held that multiple plaintiffs with separate and distinct claims must each satisfy the amount-in-controversy requirement. Rejecting application of principles of pendent jurisdiction, the Court held that the statute required dismissal of those litigants who do not satisfy the jurisdictional amount, even though other litigants assert claims sufficient to invoke the jurisdiction of the federal court. 414 U.S. at 300, 94 S.Ct. at 511. The Court's analysis and holding in *Zahn* clearly involved statutory construction, not interpretation of the constitutional limits of the district court's jurisdiction. Construing "the 'matter in controversy' requirement of § 1332," the Court reasoned that a contrary rule "would undermine the purpose and intent of Congress" in enacting the statute and upheld the "historic construction of the jurisdictional statutes, left undisturbed by Congress over these many years." 414 U.S. at 301, 94 S.Ct. at 511.

In *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court held that the district court had no jurisdiction to

---

**2.** The decision states in relevant part:

This limited approach is unnecessarily grudging. Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...," U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103 [53 S.Ct. 549, 77 L.Ed. 1062]. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins,* 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188]. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

383 U.S. at 725–26, 86 S.Ct. at 1138–1139 (footnotes omitted)

entertain plaintiff's claim against a third party defendant since diversity of citizenship was lacking and there was no independent basis for jurisdiction over the claim.[3] The Court emphasized that while *Gibbs* addressed only the constitutional limits of federal judicial power, statutory law also imposed limits on federal court jurisdiction such that "[c]onstitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy." 437 U.S. at 372, 98 S.Ct. at 2401. Turning to the jurisdictional statute at issue, 28 U.S.C. § 1332(a)(1), the Court found that allowing suit under the circumstances before it would circumvent the complete diversity requirement. The Court took cognizance of the importance of the context in which the non-federal claim was asserted and noted factors to consider: 1) the separate or dependent nature of the additional claim, and 2) the plaintiff's choice in bringing suit in federal court. 437 U.S. at 376, 98 S.Ct. at 2403. The Court emphasized the importance of statutory considerations: "To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the congressional command." 437 U.S. at 377, 98 S.Ct. at 2404 (footnote omitted).

In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court held that, in a civil rights suit brought pursuant to 42 U.S.C. § 1983 on the jurisdictional base of 28 U.S.C. § 1343(3), the district court lacked jurisdiction over a state-law claim against a county which was immune to suit under § 1983 and as to which there was no independent basis for jurisdiction.[4] The Court rejected

arguments in favor of the exercise of pendent party jurisdiction in such suits.[5] The holding was clearly premised on the Court's interpretation of congressional intent in granting jurisdiction to the district courts to redress deprivation of civil rights by these statutes: "Resolution of a claim of pendent-party jurisdiction, therefore, calls for careful attention to the relevant statutory language. As we have indicated, we think a fair reading of the language in § 1343, together with the scope of § 1983, requires a holding that the joinder of a municipal corporation . . . for purposes of asserting a state-law claim not within federal diversity jurisdiction, is without the statutory jurisdiction of the district court." 427 U.S. at 17, 96 S.Ct. at 2421 (footnote omitted).

The Court noted the factual and legal differences between the question of pendent claim jurisdiction in *Gibbs* and that of pendent party jurisdiction in *Aldinger.* From a factual viewpoint, there is a difference between authorizing two parties already before the court to litigate a related state claim, and authorizing a plaintiff to join an additional defendant over whom there is no independent basis of jurisdiction to respond to a state law claim simply because this claim derives from the same facts as the jurisdiction-conferring federal claim. The critical legal difference in the two situations is congressional attention to the matter. Thus Congress had not addressed itself by statute to the scope of the word "cases" in Article III, but it had spoken directly regarding those parties who are "persons" subject to suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. 427 U.S. 14–16, 96 S.Ct. at 2420–2421.

---

3. Plaintiff brought a diversity suit against a defendant, which filed a third party complaint against Owen Equipment & Erection Co. ("Owen"). Plaintiff then filed an amended complaint asserting a claim against Owen. The Supreme Court held that when it was subsequently discovered that there was no diversity between plaintiff and Owen, the district court was ousted of jurisdiction over this claim.

4. The premise of the holding, that the county was immune from § 1983 liability, has since been repudiated in *Monell v. Department of*

*Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The analysis regarding pendent party jurisdiction remains intact. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 372–73 n.12, 98 S.Ct. 2396, 2401–2402 n.12, 57 L.Ed.2d 274 (1978).

5. "[W]e decide here only the issue of so-called 'pendent party' jurisdiction with respect to a claim brought under § 1343(3) and 1983." 427 U.S. at 18, 96 S.Ct. at 2422.

In *Aldinger* the Court limited its holding to the case before it. It noted that with respect to other statutory grants, such as that contained in 28 U.S.C. § 1346 (allowing tort actions against the United States), a different result might be indicated because the jurisdiction of the federal court is exclusive. "[T]he argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together." 427 U.S. at 18, 96 S.Ct. at 2422. (In a footnote, the Court cited to *Hipp v. United States*, 313 F.Supp. 1152 (E.D.N.Y.1970) in which the court had exercised pendent party jurisdiction in a suit brought pursuant to the Federal Torts Claims Act.) The Court concluded with two observations: 1) if the new party sought to be joined is not otherwise before the court, there is greater difficulty in asserting jurisdiction; and 2) before concluding that jurisdiction exists, the court should satisfy itself that its exercise is constitutionally permissible and that Congress has not by statute negated its existence. 427 U.S. at 18, 96 S.Ct. at 2422.[6]

The foregoing cases suggest three conclusions which provide guidelines for determining whether jurisdiction can—or should—be exercised in any given case. 1. Constitutional power to exercise pendent party jurisdiction exists under Article III, Section 2, when the federal claim and the non-federal claim comprise one constitutional case or controversy under the guidelines set forth in *Gibbs*, i.e., the claims arise from a "common nucleus of operative fact." *Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138. While none of the post-*Gibbs* decisions have explicitly stated this principle, it has been implicit in the analyses they contain.[7] 2. Even if a court determines that the Constitution permits the assertion of jurisdiction, it must satisfy itself that there is no statutory obstacle to jurisdiction, i.e., that "Congress . . . has not expressly or by implication negated its existence." *Aldinger v. Howard, supra,* 427 U.S. at 18, 96 S.Ct. at 2422.[8] 3. In deciding whether or not to exercise a jurisdiction which is constitutionally permissible and which is not statutorily barred, the court should focus upon considerations of "judicial economy, convenience and fairness to litigants." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139. The court may consider the exclusivity of federal jurisdiction and the ability to obtain full relief in one court. *Aldinger v. Howard, supra,* 427 U.S. at 18, 96 S.Ct. at 2422.

**6.** The Court stated in relevant part:

There are, of course, many variations in the language which Congress has employed to confer jurisdiction upon the federal courts, and we decide here only the issue of so-called "pendent party" jurisdiction with respect to a claim brought under §§ 1343(3) and 1983. Other statutory grants and other alignments of parties and claims might call for a different result. When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together. As we indicated at the outset of this opinion, the question of pendent-party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction. Two observations suffice for the disposition of the type of case before us. If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

427 U.S. at 18, 96 S.Ct. at 2422 (footnote omitted).

**7.** For example, the Court in *Owen Equipment & Erection Co. v. Kroger, supra,* wrote:

The *Aldinger* and *Zahn* cases thus make clear that a finding that federal and nonfederal claims arise from a "common nucleus of operative fact," the test of *Gibbs,* does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum . . .

437 U.S. at 373, 98 S.Ct. at 2402.

**8.** I note that the Supreme Court decisions discussed above that rejected pendent party jurisdiction based that rejection upon statutory construction.

## C.

*Lower federal court cases*

Although the Second Circuit has not addressed the question of pendent party jurisdiction in suits brought pursuant to the Federal Tort Claims Act in the wake of *Gibbs, supra*,[9] it has considered and analyzed, in other contexts, the application of pendent party jurisdictional principles. Various district courts in the Second Circuit have, post-*Gibbs*, applied pendent party jurisdiction principles in Federal Tort Claims Act contexts.

In *Wasserman v. Perugini*, 173 F.2d 305, 306 (2d Cir. 1949), a pre-*Gibbs* decision, the court concluded that the assertion of a claim by plaintiffs against the United States pursuant to 28 U.S.C. § 1346(b) was insufficient to create jurisdiction over a claim against other defendants as to whom there was no diversity jurisdiction, even though both claims arose from the same accident. However, in light of the expansion of the doctrine of pendent jurisdiction following *Gibbs, Wasserman* has little precedential value. *Astor-Honor, Inc. v. Grosset & Dunlap, Inc.*, 441 F.2d 627, 629 (2d Cir. 1971); *Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F.2d 800, 811 n.14 (2d Cir. 1971).

Primarily relying on the authority and analysis of *Gibbs*, the Second Circuit has accepted pendent party jurisdiction in other contexts. In *Astor-Honor, Inc. v. Grosset & Dunlap, Inc., supra*, plaintiff charged unfair competition against three defendants in a complaint alleging copyright infringement on the part of two of the defendants. Relying on *Gibbs*, the court applied the doctrine of pendent party jurisdiction to the state claim against the third defendant, not named in the federal claim, where the state claim derived from the same nucleus of operative fact as the copyright claim:

Although the pendent claim in *Gibbs* did not include a party not named in the federal claim, Mr. Justice Brennan's language and the common sense considerations underlying it seem broad enough to cover that problem also. . . . It would be an unjustifiable waste of judicial and professional time—indeed, a travesty on sound judicial administration—to allow Astor to try its unfair competition claim against Buckley and Bantam in federal court but to require it to prosecute a claim involving precisely the same facts against Grossett "in a State court a block away." The absence of any constitutional barrier to entertaining a sufficiently related state claim against a person who was not party to the federal claim was recognized, prior to *Gibbs*, in cases involving compulsory counterclaims under F.R. Civ.P. 13(a).

*Id.* 441 F.2d at 629–630 (citations omitted).

*Leather's Best, Inc. v. S.S. Mormaclynx, supra*, 451 F.2d at 810–11, involved a state tort claim against a party as to whom there were no independent grounds for jurisdiction, which arose out of the same facts as an admiralty claim against another defendant. Again relying on *Gibbs*, the Court held that the federal district court had the power to adjudicate the entire controversy. While these cases relied on *Gibbs, supra*, which involved pendent claims and preceded *Aldinger v. Howard, supra*, which involved pendent parties, they have not been repudiated in the post-*Aldinger* period.

In *Hipp v. United States*, 313 F.Supp. 1152 (E.D.N.Y.1970), plaintiff brought suit under 28 U.S.C. § 1346(b) against the United States and a non-diverse defendant for damages resulting from a collision. Relying on *Gibbs, supra*, and *Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), the court held that it had pendent jurisdiction over the non-diverse defendant. While noting that these Supreme Court

---

**9.** Other circuits have accepted pendent party jurisdiction in cases arising under the Federal Torts Claims Act. *See*, e.g., *Ortiz v. United States*, 595 F.2d 65 (1st Cir. 1979) (permitting plaintiff to amend complaint to assert non-federal tort claim against third party defendant;

*Owen Equipment & Erection Co. v. Kroger, supra*, distinguished). To the contrary, the Ninth Circuit has rejected the doctrine. *See Ayala v. United States*, 550 F.2d 1196 (9th Cir. 1977), *cert. dismissed*, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978).

cases were factually distinct in that they involved two causes of action against one party while the case before it involved one cause of action against two parties, the court found that the principles applied by the Supreme Court in *Gibbs* and *Rosado* were controlling. It found special reasons for assuming jurisdiction in suits brought under the Federal Tort Claims Act:

> The case of a joint tort-feasor made a defendant in a case under the Federal Tort Claims Act is peculiarly appropriate for application of the principle of "the conservation of judicial energy and the avoidance of multiplicity of litigation" because the "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." If the cases were tried separately, each defendant would seek to cast the blame on the other and it would be possible for the plaintiff to recover nothing. In separate actions, if judgment in the federal court were granted against the United States alone, it might have to pay the entire damages instead of half, because of the New York rule that there is no contribution between joint tort-feasors unless there is a single judgment against both and one party has paid more than his share of the judgment. Since the United States cannot be sued in a state court, it could never enjoy the right of contribution except by having the private co-defendant sued in the federal court.

313 F.Supp. at 1155.

In *Aldinger v. Howard, supra*, in discussing the possible availability of pendent party jurisdiction under the different statutory grants of jurisdiction, the Supreme Court cited *Hipp*. *Aldinger v. Howard, supra*, 427 U.S. at 18 n.13, 96 S.Ct. at 2422 n.13. (See pp. 1003–1004, *supra*.)

More recently, in *Maltais v. United States*, 439 F.Supp. 540 (N.D.N.Y.1977), the court assumed pendent party jurisdiction over related non-federal claims in a suit brought under the Federal Tort Claims Act. The court concluded, from the fact that jurisdiction over the United States under § 1346(b) is exclusively in the federal courts, that Congress intended the ultimate liability of the United States to be determined in one action in federal court. 439 F.Supp. at 547. It found that the federal and non-federal claims arose from a common nucleus of operative fact, i.e., were "completely intertwined." *Id.* at 547–548: Thus all defendants were bound by contractual agreements, and the basis of plaintiff's action was a single incident resulting in death.

The *Maltais* court addressed the concern expressed by the Supreme Court in *Aldinger v. Howard, supra*, 427 U.S. at 18, 96 S.Ct. at 2422, to the effect that there is "a more serious obstacle to the exercise of pendent jurisdiction" when a party is not otherwise subject to federal jurisdiction. (See page 1003, *supra*.) It noted that in Federal Tort Claims Act cases, the United States may bring in additional parties either by impleader or by third party complaints, concluding that in such cases pendent party jurisdiction did not necessarily bring in additional parties not otherwise subject to federal jurisdiction:

> It is evident that the ultimate monetary liability of the United States cannot be determined with finality in a single lawsuit unless all the parties to this action are properly brought before this Court.
>
> Thus, it can be seen that under the Federal Tort Claims Act pendent-party jurisdiction would not necessarily bring parties before a federal court that would not otherwise be subject to federal jurisdiction.... The federal interest in this action would favor direct recovery from these seven corporate defendants rather than recovery through the treasury of the United States. Therefore, to deny the existence of pendent-party jurisdiction in an action brought under the Federal Tort Claims Act when no independent jurisdictional predicate exists would mean allowing a plaintiff limited entrance through the back door of the courthouse while maintaining a bolt on the front.... Utilization of such an approach would "defeat the commonsense policy of pendent jurisdiction—the conservation of judicial

energy and the avoidance of multiplicity of litigation." . . .

Finally, the congressional intent behind the Federal Tort Claims Act was to make the United States accountable for its torts without undue delay and in a like manner as private persons, not to protect individuals or corporations from suit in federal court. . . . In my judgment, the federal interest lies in providing a single federal forum for the resolution of all disputes in an action of this kind. . . . Only in this way will plaintiffs be provided with a forum capable of securing a "just, speedy, and inexpensive determination" of actions brought under the Federal Tort Claims Act. Fed.R.Civ.P. 1.

439 F.Supp. at 548 (citations omitted).

In determining whether to exercise pendent party jurisdiction, the court took cognizance of the following factors: "considerations of judicial economy, convenience and fairness to the litigants, character of the federal and nonfederal claims presented, the law to be applied, and the possibility of jury confusion." *Id.* at 549. *See also United States v. Bedford Associates*, 491 F.Supp. 848 (S.D.N.Y.1980), *aff'd in part, rev'd in part on other grounds*, 657 F.2d 1300 (2d Cir. 1981). [Action to foreclose mortgage on property in which the United States claimed a leasehold interest. Held that the court could exercise pendent party jurisdiction over the mortgagee's foreclosure claim against the owners of the property. Jurisdictional statute: 28 U.S.C. § 1346(f). The

court cited *Maltais v. United States, supra,* with approval. *Id.* at 850.] [10]

The foregoing cases reaffirm my conclusions based on analysis of the relevant Supreme Court decisions. *See* Section B., *supra.* These provide the framework for development of the doctrine of pendent party jurisdiction. The lower court cases have applied the analysis in varying contexts and concluded in favor of the existence and exercise of pendent party jurisdiction.

## V.

■ I conclude, predicated upon the above review of the controlling Supreme Court cases and the cases in this circuit which have applied their principles in the pendent party jurisdictional context, that this court has the power to assume pendent jurisdiction over plaintiffs' state claims against the corporate defendants, and, in the exercise of my discretion, I assume such jurisdiction. I am satisfied that the claims derive from a common nucleus of operative facts such as to comprise one constitutional case or controversy that would ordinarily be tried as one lawsuit. The alleged negligence on the part of these defendants arises from construction, renovation and repair work at certain premises on March 4, 1980. According to the complaint, all the defendants were in some way responsible for the premises and are charged with carelessness, recklessness and negligence.

The statute which confers jurisdiction over the claim against the United States, to

**10.** To the extent that the Second Circuit has dealt with the question of pendent party jurisdiction following *Aldinger v. Howard*, it has noted the uncertainty in this area without resolving the question. *See Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977) ["A recent Supreme Court decision, *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1975), has cast doubt on whether pendent jurisdiction 'encompasses . . . impleading of additional *parties*' . . . *Id.* at 6, 96 S.Ct. at 2416 . . . While the Court's negative answer in *Aldinger* was specifically limited to cases in which federal jurisdiction was based solely on a civil rights claim . . . the decision makes it difficult to determine in which situations joinder of pendent parties should be permitted. This question need not be further explored

here; jurisdiction over the distribution of the settlement funds can be sustained as ancillary to jurisdiction over the claim itself." (footnote omitted) ]; *Morrissey v. Curran*, 567 F.2d 546, 549 n.11 (2d Cir. 1977) ["Thus, the district court will be required to determine not only whether to exercise pendent jurisdiction over the state claims, but also whether that jurisdiction extends to persons not parties to the claim conferring federal jurisdiction. This problem has provoked considerable attention, and the implications of the latest Supreme Court decision on the subject, *Aldinger v. Howard* . . . remain to be determined. . . . The point has not been briefed or argued before us, and we express no opinion on it." Suit brought pursuant to ERISA.]

wit, 28 U.S.C. § 1346, poses no obstacle to assertion of pendent jurisdiction and indeed suggests that such jurisdiction should be exercised.

In view of the exclusive nature of the federal forum for the claim against the United States, only this court can provide the parties with full relief. Thus, it cannot be said that plaintiffs voluntarily chose this court rather than state court nor that the same interests of efficiency and economy may be furthered by remanding plaintiffs to state court. To the contrary, it would be wasteful and imprudent to direct plaintiffs to proceed in state court against the corporate defendants given the relationship of the claims involved and the interrelationship of the defendants with respect to those claims. The factual issues involved in the claim against the United States seem, at this stage, to duplicate those involved in the claim against the corporate defendants. The United States has filed a cross-claim against defendant PJR alleging that PJR is responsible for the acts of its subcontractor Kesten. Kesten and PJR have also filed cross-claims.

Plaintiffs' claim against the United States and the United States' cross-claim must be resolved by this court. In the absence of any constitutional or statutory obstacle to the exercise of jurisdiction over the state claims against the corporate defendants, considerations of judicial economy, convenience and fairness to the litigants support the exercise of such jurisdiction. In view of the closely intertwined relationship among the facts, the parties and their respective liabilities, to sever the claims of the subcontractor would be unwise as it is unnecessary.