**Andrew ROGERS, Jr., Plaintiff,**

v.

**UNITED STATES of America and A. Catani, individually and as Chief of Recreation Services of the Veterans Administration Medical Center located at 800 Poly Place, Brooklyn, New York, Defendants.**

**No. 82 CIV 3117.**

United States District Court,
E.D. New York.

June 29, 1983.

Michael Joseph J. Barnas, Brooklyn, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for defendants; Kevin P. Simmons, Asst. U.S. Atty., Brooklyn, N.Y., of counsel..

---

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff, a United States Civil Service recreation officer employed by the Brooklyn Veterans Administration Medical Center, has brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, for (1) prima facie tort, (2) "interference with employment," (3) libel and slander, (4) negligent supervision by the Veterans Administration of its supervisory personnel, and (5) "willful retardation of plaintiff's career." The Complaint, which seeks compensatory and punitive damages totalling $375,000.00, alleges subject matter jurisdiction under 28 U.S.C. § 1346(b), and plaintiff seeks to have the Court exercise pendent-party jurisdiction over the individual defendant.

Defendants have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) & (6). Because I find that the Court is without subject matter jurisdiction, the complaint is dismissed without addressing defendants' motion under Rule 12(b)(6).

## CLAIMS AGAINST THE UNITED STATES

Plaintiff concedes that the administrative notice of claim, which he filed with the appropriate Government agency prior to commencing this action, did not contain a demand for a sum certain in damages as required by 28 U.S.C. § 2675(b) and 28 C.F.R. § 14.2(a). Plaintiff's Memorandum In Opposition, at pp. 3, 18 (March 14, 1983). Citing *Adams v. United States,* 615 F.2d 284 (5th Cir.1980) and *Boyd v. United States,* 482 F.Supp. 1126 (W.D.Pa.1980), he argues that failure to include such a demand is a mere irregularity, insufficient to divest the Court of subject matter jurisdiction. Defendants respond that the defect is jurisdictional.

Although the Court in *Adams, supra,* stated that "[t]he question whether a plaintiff has presented the requisite Section 2675 notice is determined without reference to whether that plaintiff has complied with all settlement related requests for information [under 28 C.F.R. §§ 14.1–14.11]," it went on to explain that § 2675(b) itself shows "this notice was to include a statement of damages." *Adams, supra,* 615 F.2d at 288, 89. The Court actually held that:

> An individual with a claim against the United States, therefore, satisfies section 2675's requirement that 'the claimant shall have first presented the claim to the appropriate Federal agency' if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) *places a value on his or her claim.*

*Id.* at 289 (citations omitted) (emphasis added).

The *Boyd* case cited by plaintiff is factually distinguishable from the instant case. In *Boyd,* Chief Judge Weber held the sum certain requirement was satisfied where the relief requested in plaintiff's administrative claim was replacement of a stolen note or compensation for its loss. The Court reasoned that:

> A total reading of the letter [containing plaintiff's administrative claim] would show that .... [t]he government was made aware of Boyd's purpose of seeking replacement of the note. The note and its value was [sic] specifically described in the letter. This would qualify as a sum certain since the government could calculate from that information the total value of the note and its coupons. Any other interpretation of the letter would be putting form over substance.

*Boyd, supra,* at 1129. *Boyd,* then, did not dispense with the sum certain requirement, but held merely that a flexible approach should be adopted in evaluating a plaintiff's purported compliance with that requirement.

Examination of the documents that plaintiff submitted to the administrative agency in this case, however, reveals no basis for assessing the value of plaintiff's claims with any reasonable degree of certainty. "The cases establish that the sum certain requirement demands more than mere general no-

tice to the government of the approximate amount of a claim." *Caidin v. United States,* 564 F.2d 284, 287 (9th Cir.1977); *citing Molinar v. United States,* 515 F.2d 246 (5th Cir.1975); *Avril v. United States,* 461 F.2d 1090 (9th Cir.1972).

Accordingly, where, as here, the administrative claim is of no use in guiding settlement discussions between plaintiff and the appropriate agency, "the case must be treated as if no administrative claim had ever been filed." *Caidin, supra,* 564 F.2d at 287; *citing Caton v. United States,* 495 F.2d 635 (9th Cir.1974); *Bialowas v. United States,* 443 F.2d 1047 (3rd Cir.1971); *see also Luria v. Civil Aeronautics Board,* 473 F.Supp. 242, 245 (S.D.N.Y.1979) (federal claim dismissed for, *inter alia,* plaintiff's failure to demand a sum certain in the underlying administrative claim).

## CLAIMS AGAINST THE INDIVIDUAL DEFENDANT

Having found that the Court lacks subject matter jurisdiction over those claims filed against the United States because of plaintiff's failure to comply with the exhaustion requirement of 28 U.S.C. § 2675(a) and (b), I must now determine whether a jurisdictional predicate exists for the claims filed against the individual defendant.

Although the complaint alleges subject matter jurisdiction solely under 28 U.S.C. § 1346(b), it is by now axiomatic that "[o]nly claims 'against the United States' are included within Federal Tort Claims Act jurisdiction." *Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252, 1256 (2d Cir.1975). Plaintiff, however, although he does not allege it in his complaint, seeks to have the Court exercise its discretion to entertain the claims against the individual defendant under the theory of "pendent-party jurisdiction." Plaintiff's Memorandum In Opposition, at p. 10 (March 14, 1983).

For the sake of judicial economy, I shall deem the complaint amended to incorporate the pendent-party jurisdictional allegation contained in plaintiff's Memorandum of Law.

Plaintiff correctly notes that where a federal court already has jurisdiction over claims against the United States under 28 U.S.C. § 1346(b), it may entertain related claims against "pendent-parties" over whom no independent jurisdictional predicate exists. *See Maltais v. United States,* 439 F.Supp. 540, 543 (N.D.N.Y.1977); *Hipp v. United States,* 313 F.Supp. 1152 (E.D.N.Y.1970).

Here, however, the Court lacks subject matter jurisdiction over the claims alleged against the United States under the Federal Tort Claims Act. The Supreme Court has stated that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also ITT v. Vencap, Ltd.,* 519 F.2d 1001, 1015 (2d Cir.1975); *Nyasco Sports, Inc. v. Director, Federal Emergency Management Agency,* 561 F.Supp. 864, 871 (S.D.N.Y.1983)); *Greene v. Brown,* 535 F.Supp. 1096, 1100 n. 4 (E.D.N.Y.1982). Accordingly, the exercise of pendent jurisdiction would be inappropriate under the circumstances of this case.

For all of the foregoing reasons, defendants' motion under Fed.R.Civ.P. 12(b)(1) is granted, and the complaint is dismissed in its entirety.

SO ORDERED.