**Anthony J. VERDI and Catherine Verdi, Plaintiffs,**

v.

**UNITED STATES of America, United States Postal Service, Town of Huntington and Young-Hee Lowe, Defendants.**

**No. 85 CIV 1911.**

United States District Court, E.D. New York.

March 27, 1986.

Fisher & Seidner, P.C., Babylon, N.Y. (Aaron Lebenger, of counsel), for Plaintiffs.

Curtis, Zaklukiewicz, Vasile & Devine, Merrick, N.Y. (David Holmes, of counsel), for defendant Town of Huntington.

BARTELS, District Judge.

The question presented is whether the doctrine of pendent jurisdiction can be applied in a Federal Torts Claims Act (FTCA) case to a state common law case arising out of a common nucleus of operative fact even though there is otherwise no federal jurisdiction over the party against whom the state common law claim is asserted.

Plaintiffs brought this action, arising out of a slip and fall on a sidewalk abutting a United States Post Office in Huntington, under the Federal Torts Claims Act, 28 U.S.C. §§ 2671 *et seq.*, and the corresponding jurisdictional provision of 28 U.S.C. § 1346(b). Plaintiffs name as defendants four parties alleged to have responsibility for the sidewalk, including the Town of Huntington which moves to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, for lack of jurisdiction over it. In its motion, Huntington asserts that because the FTCA does not create jurisdiction over it, and there is no diversity between it and the plaintiffs, this Court is without jurisdiction over the Town. Plaintiffs, on the other hand, urge that Huntington be kept in the case under principles of pendent jurisdiction.

The United States Magistrate, to whom this motion was referred, issued a Report and Recommendation concluding that the district court should retain jurisdiction over Huntington under the doctrine of pendent-party jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). After reviewing the Magistrate's Report and Recommendation and the relevant case law, and after careful consideration of the parties' responses to the Magistrate's Report, the Court agrees with the Magistrate's carefully researched and reasoned Report, for the reasons set forth therein.

The only addition the Court wishes to make is to note that *Meyers & Meyers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir.1975), which Huntington urges was overlooked by the Magistrate, is inapposite and does not require a contrary conclusion. In that case, also brought against the United States Postal Service under the FTCA, the Court merely noted in passing that there was no jurisdiction under the FTCA over two individual employees of the postal service, and that "No justification for ancillary or diversity juris-

diction has been claimed or argued for by appellants in this case." *Id.* Thus, the Court of Appeals had no opportunity to consider whether pendent-party jurisdiction might apply. Plaintiffs here, on the other hand, have presented justifications for the exercise of pendent-party jurisdiction of the type already accepted in numerous other cases cited by the Magistrate. *See also Jappa v. PJR Construction Co.,* 84–3067 Slip Op. (S.D.N.Y. Oct. 4, 1985) [Available on WESTLAW, DCTU database]. Huntington's other objections have been properly decided by the Magistrate and need not be addressed here.

Accordingly, the attached Report and Recommendation of the Hon. David F. Jordan, United States Magistrate, is hereby adopted as the Opinion of this Court, and Huntington's motion to dismiss for lack of jurisdiction is denied.

*Interlocutory Appeal*

Huntington has requested, should the Court decide against it, that it be granted leave to appeal immediately pursuant to 28 U.S.C. § 1292(b). In view of the heavy burden of the Circuit Court's case load, it would be unfair to give them the obligation to decide this issue at such an early point in the litigation, particularly when, in the opinion of this Court, the decisions of the Court of Appeals in pre-*Aldinger* cases, such as *Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 809–11 (2d Cir. 1971), and more recently in *Weinberger v. Kendrick,* 698 F.2d 61, 76–77 (2d Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983), make clear that in all probability the exercise of pendent-party jurisdiction in this case is correct.

Accordingly, permission to take an interlocutory appeal of this decision under § 1292(b) is denied.

SO ORDERED.

## REPORT AND RECOMMENDATION TO JUDGE ALTIMARI

DAVID F. JORDAN, United States Magistrate.

Motion pursuant to Rule 42, F.R.Civ.P. to sever plaintiffs' claims against defendant, Town of Huntington, and thereafter to dismiss the Town of Huntington, pursuant to Rule 12(b)(2), F. R. Civ. P., on the grounds that this court lacks jurisdiction over the person of that defendant.[1]

This report and recommendation is based on the following documents:

| Document | Document Number |
| --- | --- |
| Defendant Town of Huntington's Notice of Motion | 7 |
| Defendant's Supporting Memorandum of Law | 8 |
| Plaintiffs' Affirmation in Opposition | 12 |
| Defendant's Reply Memorandum | 13 |

This is an action in which plaintiffs allege that Anthony Verdi suffered injuries from a slip and fall on the sidewalk abutting the United States Post Office on Gerard Street in the Town of Huntington, County of Suffolk, New York. Plaintiffs have sued the United States of America, the United States Postal Service, the Town of Huntington and Young Hee Lowe. It is plaintiff's contention that all of these named defendants owned, operated and controlled the Post Office and the sidewalk appurtenant thereto, and that plaintiff Verdi's injuries were sustained due to defendants' negligence in maintaining said sidewalk.

In the instant motion, the defendant, Town of Huntington, seeks a dismissal in its favor for failure of in personam jurisdiction. The Town of Huntington acknowledges that jurisdiction over plaintiffs' claim against the United States is properly established pursuant to 28 U.S.C. § 1346(b), which section gives this court exclusive jurisdiction over claims made pursuant to the Federal Tort Claims Act 28 U.S.C. § 2671, *et seq.* However, it is the Town of Huntington's position that no diversity of citizenship exists between it and the plaintiffs, and that therefore no independent basis of jurisdiction exists to justify its presence in

---

1. The court is indebted to counsel for the outstanding quality of their briefs.

the instant lawsuit. Moreover, it is the Town's position that the doctrine of pendent jurisdiction does not extend to confer jurisdiction over it. Thus, the Town of Huntington urges that the suit against it be dismissed. Defendant's position is not persuasive.

In the landmark case of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court described the proper test of pendent jurisdiction as follows:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Id.* at 725, 86 S.Ct. at 1138.

Applying the *Gibbs* standard to the facts in this case, it is clear that the *Gibbs* test of constitutional power to hear the state claim has been satisfied. The "nucleus of operative fact" here concerns the slip and fall accident which occurred before the Gerard Street Post Office. In order to decide both the state tort claims and the federal tort claim pursuant to the Federal Tort Claims Act, the court will have to examine how the accident occurred, if negligence was involved, and a variety of other common questions of fact. Thus, leaving aside for the moment the question of the pendent parties, it is apparant that the action now before this court comprises "one case".

Beyond the issue addressed in *Gibbs*, however, the instant case involves the additional question of whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists. The Supreme Court has noted that there is a "significant legal difference" between allowing two parties already before the court to litigate a related state claim, and allowing a plaintiff to join an additional defendant over whom there is no independent basis of jurisdiction, merely because the state law claim against the defendant derives from the same facts as the underlying federal claim. *Aldinger v. Howard*, 427 U.S. 1, 14–16, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276 (1976). Consequently, in *Aldinger*, the Supreme Court ruled that the application of pendent party jurisdiction over a county, immune to suit under 42 U.S.C. § 1983, and as to which there was no independent basis of jurisdiction, was inappropriate in a civil rights action under 42 U.S.C. § 1983.

Nevertheless, while denying pendent party jurisdiction in that particular case, the Supreme Court declined to lay down "any sweeping pronouncements" concerning the exercise of pendent party jurisdiction. *Id.* at 18, 96 S.Ct. at 2422. Instead, the Supreme Court limited its holding to the case before it, and noted that with respect to other statutory grants, a different result might be indicated. Indeed, the Court specifically stated that claims brought pursuant to 28 U.S.C. § 1346, might be subject to the pendent jurisdiction of the court. As the Court reasoned:

> The argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together.

*Aldinger v. Howard*, 427 U.S. at 18, 96 S.Ct. at 2422.

After the Supreme Court's decision in *Gibbs*, and prior to its ruling in *Aldinger*, the Second Circuit did not specifically address the question of pendent party jurisdiction in suits brought pursuant to the Federal Tort Claims Act.[2] However, rely-

---

**2.** Prior to the decision in *Gibbs*, the Second Circuit had concluded that the assertion of a claim by plaintiffs against the United States pursuant to 28 U.S.C. § 1346(b) was insufficient to create jurisdiction over a claim against other defendants as to whom there was no diversity jurisdiction, even though both claims arose from the same accident. *Wasserman v. Perugini*, 173 F.2d 305, 306 (2d Cir.1949). However, in light of the expansion of the doctrine of pendent jurisdiction following *Gibbs*, *Wasserman* has little precedential value. *See Astor-*

ing principally on the authority and analysis of *Gibbs,* the Second Circuit accepted pendent party jurisdiction in several other contexts.

For example, in *Astor-Honor, Inc. v. Grosset & Dunlap, Inc.,* 441 F.2d 627 (2d Cir.1971), plaintiff charged unfair competition against three defendants in a complaint alleging copyright infringement on the part of two of the defendants. Relying on *Gibbs,* the Court applied the doctrine of pendent party jurisdiction to the state claim against the third defendant who was not named in the federal claim, where the state claim derived from the same nucleus of operative facts as the copyright claim. Similarly, in *Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 810–11 (2d Cir. 1971), the court held that it had the power to adjudicate the entire controversy, despite the fact that no independent grounds for jurisdiction existed as to the state tort claim against one of the defendants. The court maintained jurisdiction over the state claim because that claim arose out of the same facts as the federal admiralty claim against another defendant.

Since the *Aldinger* decision, the Second Circuit has not had occasion to rule directly on the post-*Aldinger* status of pendent party jurisdiction principles. *Neilan v. Value Vacations, Inc.,* 603 F.Supp. 1227 (S.D.N.Y.1985). However, it has been held that nothing in *Aldinger* overrules the view expressed by the Second Circuit in *Astor-Honor* and *Leather's Best, Inc.* that "under the right circumstances, a federal court does indeed have the power under Article III to exercise pendent party jurisdiction." *Independent Bankers Association of New York v. Marine Midland Bank,* 575 F.Supp. 1425, 1429 (W.D.N.Y.1983). *See Angel Music, Inc. v. ABC Sports, Inc.,* 609 F.Supp. 764, 767 (S.D.N.Y.1985).

It would seem that claims brought within the context of the Federal Tort Claims Act are the types of claims that provide "the right circumstances" for the court to exercise pendent party jurisdiction. *See Independent Bankers Association of New York v. Marine Midland Bank,* 575 F.Supp. at 1429. For the courts within this circuit that have ruled on this issue have consistently held that where a federal court already has jurisdiction over claims against the United States under 28 U.S.C. § 1346(b), it may entertain related claims against "pendent-parties" over whom no independent jurisdictional predicate exists. *Rogers v. United States of America,* 568 F.Supp. 894, 896 (E.D.N.Y.1983); *DeBellas v. United States* 542 F.Supp. 999, 1005 (S.D.N.Y.1982); *Maltais v. United States,* 439 F.Supp. 540, 543 (N.D.N.Y.1977); *Hipp v. United States,* 313 F.Supp. 1152 (E.D.N.Y.1970).

> The case of a joint tort-feasor made a defendant in a case under the Federal Tort Claims Act is peculiarly appropriate for application of "the conservation of judicial energy and the avoidance of multiplicity of litigation" because the "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." If the cases were tried separately, each defendant would seek to cast the blame on the other and it would be possible for the plaintiff to receive nothing."

*Hipp v. United States,* 313 F.Supp. 1152, 1155 (E.D.N.Y.1970).

It has been held therefore that the Federal Tort Claims Act poses no obstacle to the assertion of pendent party jurisdiction and that considerations of judicial economy, convenience and fairness to the litigants support the exercise of pendent jurisdiction in such cases.

> In view of the exclusive nature of the federal forum for the claim against the United States, only this court can provide the parties with full relief. Thus, it cannot be said that plaintiffs voluntarily chose this court rather than state court nor that the same interests of efficiency and economy may be furthered by re-

---

*Honor, Inc. v. Grosset & Dunlap, Inc.,* 441 F.2d 627 (2d Cir.1971); *DeBellas v. United States,* 542 F.Supp. 999, 1005 (S.D.N.Y.1982).

manding plaintiffs to state court. To the contrary, it would be wasteful and imprudent to direct plaintiffs' to proceed in state court against the ... defendants given the relationship of the claims involved and the interrelationship of the defendants with respect to those claims. *DeBellas v. United States*, 542 F.Supp. at 1008.[3]

Applying these guidelines to the instant case, it is clear that this court may exercise pendent party jurisdiction over the Town of Huntington. The claims against all the defendants clearly derive from a common nucleus of operative facts. Moreover, it involves the liability of several joint tortfeasors. Ordinarily, it would be the subject of a single lawsuit.

Furthermore, because the claim against the United States was brought pursuant to 28 U.S.C. § 1346(b), this court has exclusive jurisdiction over that part of the lawsuit. Consequently, this court provides the only forum in which all the parties can be granted "full relief." *DeBellas v. United States*, 542 F.Supp. at 1008. It cannot, then, be said that plaintiff chose this forum voluntarily in lieu of state court. Nor can it be said that the interests of efficiency and judicial economy would be served by remanding the plaintiffs to state court to pursue their claim against the Town of Huntington. *See id.* This case is "peculiarly appropriate" for the court's applica-

tion of pendent jurisdiction. *Hipp v. United States*, 313 F.Supp. at 1155. Defendant's motion to dismiss should therefore be denied.

Any objections to this report and recommendation should be made to Judge Altimari by January 30, 1986.

---

**3.** It should be noted that the Town of Huntington has suggested that the decision in *DeBellas* "runs contrary to virtually every other decision which has been announced on the point." It cites five cases in which federal jurisdiction is based solely on the Federal Tort Claims Act and in which the court refused to exercise pendent party jurisdiction. All are distinguishable from the *DeBellas* decision. *Morris v. United States*, 521 F.2d 872 (9th Cir.1975) antedates *Aldinger* and so is of questionable relevance on this issue. *Davis v. United States*, 667 F.2d 822 (9th Cir. 1982) and *Sanborn v. United States*, 453 F.Supp. 651 (E.D.Cal.1977) simply cite *Morris* and make no reference to *Aldinger*. In the other two cases, the plaintiffs failed to assert ancillary or pendent party jurisdiction. *Wilson v. Turtle Mountain Band of Chippewa Indians*, 459 F.Supp. 366, 369 (D.N.D.1978), *Anderson v. Bailar*, 459 F.Supp. 792, 793 (M.D.Fla.1978), *aff'd*, 619 F.2d 81 (1980).

Furthermore, several circuits have indeed ruled that under appropriate circumstances a federal court has power under Article III to exercise pendent party jurisdiction. *See North Dakota v. Merchants National Bank & Trust Company*, 634 F.2d 368 (8th Cir.1980); *Boudreaux v. Puckett*, 611 F.2d 1028 (5th Cir.1980); *Transok Pipeline Co. v. Darks*, 565 F.2d 1150, 1154–55 (10th Cir.1977), *cert. denied*, 438 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978). A number of courts have allowed pendent party actions to proceed where, as here, the state action was pendent to a Federal Tort Claims Act claim. *See, e.g., Ortiz v. United States*, 595 F.2d 65, 71 (1st Cir.1979); *Dick Myers Towing Service, Inc. v. United States*, 577 F.2d 1023, 1024 n. 1 (5th Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Fried v. United States*, 579 F.Supp. 1212 (D.Ill.1983); *Johnston v. United States*, 546 F.Supp. 879 (D.Kan. 1982).